**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-5038**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

DONALD TIBERIO ARMSTRONG,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:08-cr-00186-NCT-1)

———————

Submitted:  December 7, 2010        Decided:  December 30, 2010

———————

Before SHEDD, AGEE, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas H. Johnson, Jr., GRAY JOHNSON BLACKMON LEE & LAWSON, LLP, Greensboro, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Tiberio Armstrong appeals his conviction and 120-month sentence imposed by the district court following a guilty plea to conspiracy to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a), (b)(1)(A), and 846 (2006). Armstrong's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that, in his opinion, there are no meritorious issues for appeal, but questioning whether Armstrong's guilty plea was valid and whether the sentence imposed was unreasonable. Armstrong has filed pro se supplemental briefs claiming that his confession was coerced in that police promised not to charge him with a drug offense in exchange for his full confession and cooperation against other co-conspirators, and that the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010), reduced the mandatory minimum sentence to which he was subject. We affirm.

Because Armstrong did not move in the district court to withdraw his guilty plea, we review the Fed. R. Crim. P. 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Armstrong] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Our review of the record leads us to conclude that the district

2

court substantially complied with Rule 11, and that Armstrong's guilty plea was knowing and voluntary.

We also conclude that Armstrong's sentence is both procedurally and substantively reasonable. We review a sentence for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Significant procedural errors include "'failing to calculate (or improperly calculating) the Guidelines range'" or "'failing to consider the § 3553(a) factors.'" United States v. Carter, 564 F.3d 325, 329 (4th Cir. 2009) (quoting Gall, 552 U.S. at 51.). We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id. "A statutorily required sentence . . . is per se reasonable." United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008). We have reviewed the record and conclude that the district court did not abuse its discretion in sentencing Armstrong, and that the sentence he received is reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We have considered the claims asserted in Armstrong's pro se supplemental briefs and conclude they are without merit. We therefore affirm the district court's judgment. This court

3

requires that counsel inform Armstrong in writing of his right to petition the Supreme Court of the United States for further review. If Armstrong requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Armstrong.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4